```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

S.A.E. WAREHOUSE, INC., etc.,      )
                                   )
                Plaintiff,         )
                                   )
     v.                            )    No.  08 C 2804
                                   )
CHAMPION LABORATORIES, INC.,       )
et al.,                            )
                                   )
                Defendants.        )
_____)
                                   )
PAWNEE/S.A.E. WAREHOUSE, INC.,     )
etc.,                              )
                                   )
                Plaintiff,         )
                                   )
     v.                            )    No.  08 C 2806
                                   )
CHAMPION LABORATORIES, INC.,       )
et al.,                            )
                                   )
                Defendants.        )
```

## MEMORANDUM ORDER

This Court has had assigned to its calendar, by random assignment, these two identical putative class action antitrust Complaints--identical as to defendants, as to content and as to the identity of plaintiffs' counsel--with the only difference being the identity of the named class representatives. This memorandum order is issued sua sponte because of two questions raised by the filings.

First, it is not at all apparent why there should be two separate lawsuits, rather than just one having both S.A.E. Warehouse, Inc. and Pawnee/S.A.E. Warehouse, Inc. as named class

representatives. Unless plaintiffs' counsel can promptly identify some good reason for that seemingly duplicative effort, this Court anticipates dismissing Case No. 08 C 2806--but without prejudice, of course, to counsel's adding Pawnee/S.A.E. Warehouse, Inc. as a coplaintiff in Case No. 08 C 2804 via a simple amendment to the Complaint in that action.

Next is a question triggered by the identification of some of the defendants in the actions. Because these are federal-question cases rather than diversity of citizenship actions, the subject matter jurisdictional problem that can lurk in the latter situation where limited liability companies are parties litigant (see Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) and its numerous progeny) is not presented here. But because of this Court's need to police all cases assigned to its calendar to ascertain the possible need for its disqualification under 28 U.S.C. §455(b)(4), input must be provided by plaintiffs' counsel as to the identity of every member of (1) The Carlyle Group (see Complaint ¶15), (2) Purolator Filters N.A. LLC (see Complaint ¶17), (3) Robert Bosch LLC (see Complaint ¶18) and (4) Wix Filtration Corp. LLC (see Complaint ¶23).

As soon as that required information is provided by counsel, this Court will be in a position to determine whether the case or cases will remain on its calendar. In the meantime this Court is issuing its customary initial scheduling order on the premise

that it will in fact retain the two cases (or perhaps the one case) on its calendar.

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  May 20, 2008